UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CYNTHIA T. DOYLE, MOLLIE T. BYRNES, JAMES
WEISS AND DAVID WELBOURN, IN THEIR
CAPACITIES AS TRUSTEES OF THE PETER AND
ELIZABETH C. TOWER FOUNDATION,

                                        Plaintiff,               Case No. 6:22-CV-276-FPG

v.

                                                 DECISION AND ORDER

UBS FINANCIAL SERVICES, INC., JAY S. BLAIR,
and JOHN N. BLAIR,

                                  Defendants.

## INTRODUCTION

Plaintiffs Cynthia T. Doyle, Mollie T. Byrnes, James Weiss and David Welbourn ("Plaintiffs"), in their capacities as trustees of the Peter and Elizabeth C. Tower Foundation (the "Foundation"), allege in this securities action against Defendants UBS Financial Services, Inc. ("UBS"), Jay S. Blair, and John N. Blair (collectively "Defendants") numerous violations of the Investment Advisers Act of 1940, 25 U.S.C. § 80b-1 *et seq.* (the "Act") and New York law. *See* ECF No. 1. Plaintiffs allege, *inter alia*, that UBS/Jay S. Blair breached their fiduciary duties to the Foundation in violation of the Act by failing to conduct due diligence with respect to John N. Blair's authority to maintain the Foundation's investment advisory accounts and that John N. Blair "aided and abetted" that failure in violation of New York law. *Id*. Plaintiffs primarily seek rescission of the investment advisory agreement UBS/Jay S. Blair executed with John N. Blair, restitution of all payments made by the Foundation pursuant to the agreement, compensatory damages, punitive damages, and attorneys' fees and costs. *Id*. at 24.

On May 11, 2022, one month after filing the complaint, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction. ECF No. 5. On May 11, 2022, Plaintiff

filed a Motion for an Expedited Hearing on the Motion.  ECF No. 6.  On May 20, 2022, the parties filed a joint stipulation extending Defendants' time to respond to Plaintiffs' Motion *sine die*, or indefinitely, which the Court adopted on May 24, 2022.  ECF Nos. 17, 19.  The parties' joint stipulation remains operative.

On July 1, 2022, pursuant to the *Colorado River* abstention doctrine and Federal Rule of Civil Procedure 12(b)(6), John N. Blair moved to dismiss or stay Plaintiffs' complaint.  ECF No. 22.  On July 29, 2022, Defendants UBS and Jay S. Blair joined in John N. Blair's motion to dismiss and filed a brief to supplement the motion.  ECF No. 25.  On July 29, 2022, Plaintiffs responded.  ECF No. 26.  On August 12, 2022, John N. Blair replied.  ECF No. 29.

For the reasons set forth below, Defendants' Motion to Dismiss is DENIED.

## BACKGROUND

The Foundation, a $147 million charitable trust, was created by Peter and Elizabeth C. Tower in the 1990s to support community organizations that serve children with learning disabilities, mental health issues, and substance use disorders.  ECF No. 1.  From 2006 until the events giving rise to the present dispute, John N. Blair served as Attorney Trustee of the Foundation and member of the Foundation's Operations and Investment Committees.  *Id*.  Blair was a voting member of each committee, along with Plaintiffs Doyle and Byrnes, daughters of Peter and Elizabeth.  *Id*.

On January 25, 2020, John N. Blair brought a petition in Erie County Surrogate's Court against respondents Doyle, Byrnes, James Weiss, David Welbourn—Plaintiffs in the present action—and fellow Foundation trustees Robert M. Doyle, John H. Byrnes, Peter Byrnes, and Donna Owens, in which he sought construction of the Foundation's governing documents to confirm the extent of his authority as Attorney Trustee to prevent respondents' plan to terminate

or "sunset" the Foundation, a plan he opposed, without his approval.  *See* ECF No. 22-14 at 11-12; *see also Matter of P. & E. T. Found.*, 167 N.Y.S.3d 270, 271 (4th Dept. 2022), *rearg. denied*, 168 N.Y.S.3d 925 (2022) (hereinafter the "State Proceeding").  After Blair commenced the State Proceeding, Plaintiffs, on November 23, 2020, attempted to remove Blair as Attorney Trustee and subsequently moved to dismiss Blair's petition on the basis that, because he was no longer Attorney Trustee, he lacked standing to challenge their plan to terminate the Foundation and spend down its assets, citing *inter alia* his alleged improper conduct with respect to certain investment decisions.  *Id*.  Specifically, Plaintiffs alleged that Blair, as Attorney Trustee, improperly caused his son Jay S. Blair to be appointed investment adviser of the Foundation and improperly transferred the Foundation's investment accounts to Morgan Stanley after Morgan Stanley purchased the investment firm with which Jay S. Blair was associated.  *Id*. at 8-11.  In addition, Plaintiffs alleged John N. Blair improperly terminated Morgan Stanley and transferred the Foundation's investment accounts to UBS after Jay S. Blair and his team moved from Morgan Stanley to UBS.  *Id*. at 12.

On November 28, 2020, John N. Blair filed a second petition seeking construction of the Foundation's governing documents to confirm the extent of his authority to make the above-referenced investment decisions on the Foundation's behalf.  *Id*.  Blair additionally sought to enjoin his removal as Attorney Trustee by filing a motion for a temporary restraining order and a preliminary injunction in the State Proceeding, which was initially granted, but ultimately denied on appeal by the Appellate Division, Fourth Department on April 22, 2022.  *Matter of P. & E. T. Found.*, 167 N.Y.S.3d at 271.  On May 6, 2022, Blair moved for leave to appeal the denial.  ECF No. 22-14 at 13.  That motion remains pending.

On April 11, 2022, approximately two years after the State Proceeding commenced, Plaintiffs brought the present action against Defendants UBS, Jay S. Blair, and John N. Blair. ECF No. 1. Plaintiffs (i) seek in Count One rescission of the investment advisory agreement John N. Blair executed with UBS as Attorney Trustee; (ii) allege in Counts Two and Three that UBS/Jay S. Blair breached their fiduciary duties of care and loyalty to the Foundation under the Act; (iii) allege in Count Four that John N. Blair aided and abetted that failure under New York law; and (iv) allege in Counts Five and Six negligence against UBS/Jay S. Blair. *Id*. at 24. On May 11, 2022, Plaintiffs moved for a temporary restraining order and a preliminary injunction against Defendants because UBS had refused to release funds to the Foundation on the basis that John N. Blair's approval as Attorney Trustee was required. ECF No. 5. Plaintiffs contended in their motion that it was not. *Id*. As discussed, the Court's consideration of that motion was stayed by joint stipulation indefinitely—ostensibly because the Erie County Surrogate's Court, on May 25, 2022, appointed a successor Attorney Trustee to fill the vacancy created during the pendency of the State Proceeding. ECF No. 17; *see also* ECF No. 22-7 at 21.

The State Proceeding and the present case concern, to varying degrees, John N. Blair's authority under the Foundation's governing documents to maintain the Foundation's investment advisory accounts.

## DISCUSSION

On July 1, 2022, Defendants moved to dismiss or stay this action pursuant to the *Colorado River* abstention doctrine because the concurrent State Proceeding has not reached a final disposition and, with respect to the sole claim asserted against John N. Blair, Count Four, Plaintiffs fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 22. The Court addresses each argument in turn before concluding that (i)

*Colorado River* abstention is not appropriate at this juncture and (ii) Plaintiffs adequately allege their state claim against John N. Blair.  Defendants' motion is accordingly denied.

### A.  Motion to Dismiss Under *Colorado River*

"A motion to dismiss based on *Colorado River* is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Stahl York Ave. Co., LLC v. City of New York*, No. 14 CIV. 7665, 2015 WL 2445071, at *7 (S.D.N.Y. May 21, 2015); *see Rehab. Support Servs., Inc. v. Town of Esopus*, 226 F. Supp. 3d 113, 125 (N.D.N.Y. 2016) ("A motion to dismiss based on the abstention doctrine is . . . considered as a motion made pursuant to Rule 12(b)(1)." (internal quotation marks omitted)).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that the court retains jurisdiction." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). "[T]he district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).  "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003).  "The court may consider affidavits and other materials beyond the pleadings but cannot rely on conclusory or hearsay statements contained in the affidavits." *Young v. United States*, No. 12-CV-2342, 2014 WL 1153911, at *6 (E.D.N.Y. Mar. 20, 2014).

B. *Colorado River* **Abstention Doctrine**

i. **General Principles**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. "Where, as here, a federal court properly has subject matter jurisdiction, it has a 'virtually unflagging obligation' to exercise that jurisdiction, even if an action concerning the same matter is pending in state court." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986) (quoting *Colorado River*, 424 U.S. at 817-18). "*Colorado River* abstention is appropriate in limited 'situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.'" *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 181 (E.D.N.Y. 2012) (quoting *Colorado River*, 424 U.S. at 817). "The underlying principles of the *Colorado River* doctrine rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 474 (S.D.N.Y. 2001) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 817).

ii. **Parallel Proceedings**

"[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. County of Suffolk*, 146 F. 3d 113, 118 (2d Cir. 1998). "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997). "Complete identity of parties and claims are not required. However, resolution of the state action must dispose of all claims presented in the federal case." *DDR Constr. Servs., Inc. v.*

*Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 644 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

"[T]he threshold requirement is that there be a *substantial* identity of parties between the state and federal actions." *Aurelius Capital Master, Inc. v. MBIA Ins. Corp.*, 695 F. Supp. 2d 68, 73 (S.D.N.Y. 2010) (emphasis added); *see Dittmer*, 146 F.3d at 118 ("Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." (quotation marks and citation omitted)). "Perfect symmetry of parties and issues is not required." *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013) (quotation marks and citation omitted).

In this case, Defendants argue that the federal action and State Proceeding are "parallel" because "substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer*, 146 F.3d at 118. That is, the parties and issues are "substantially the same" because all Plaintiffs and John N. Blair are included in the State Proceeding, and the "primary issue" in each proceeding is the extent of John N. Blair's authority as Attorney Trustee of the Foundation. ECF No. 22-14 at 17-19. Plaintiffs, meanwhile, contend that the cases are not parallel because UBS/Jay S. Blair—Defendants in the present action—are not parties to the State Proceeding and Plaintiffs have asserted somewhat different causes of action here and they are brought predominately against UBS/Jay S. Blair. *See* ECF No. 26-10 at 18-19.

Plaintiffs' argument is not persuasive. Because "perfect symmetry" between the parties and issues is not required, the fact that Defendants UBS/Jay S. Blair are not parties to the State Proceeding does not undermine the "substantial identity" of the parties between the two proceedings. The two actions include all Plaintiffs in the present action and Defendant John N. Blair. *See Document Sec. Sys., Inc. v. Ronaldi*, No. XX, 2021 WL 5563646, at *3 (W.D.N.Y. Nov.

7

29, 2021); *Pabco Constr. Corp. v. Allegheny Millwork PBT*, No. 12-CV-7713, 2013 WL 1499402, at *2 (S.D.N.Y. Apr. 10, 2013) ("While the parties in the two actions are not strictly identical— [the defendant]'s surety . . . is named as a defendant in this action but not in the Pennsylvania Action—this does not destroy the parallelism of the two actions...."); *First Keystone Consultants, Inc.*, 862 F.Supp.2d at 182 ("As an initial matter, all of the parties remaining in the instant Federal Action are also parties to the Queens Action. Although the Queens Action involves an additional party, DDR, that fact does not render the proceedings non-parallel." (quotation marks and citations omitted)); *Mouchantaf v. Int'l Modeling & Talent Ass'n*, 368 F.Supp.2d 303, 306 (S.D.N.Y. 2005) ("While the Arizona action involves additional defendants not parties here, that fact does not render the proceedings non-parallel."); *Great S. Bay Med. Care, P.C. v. Allstate Ins. Co*., 204 F.Supp.2d 492, 497 (E.D.N.Y. 2002) ("While the State Court Action names numerous defendants in addition to GSB, this factor alone does not render the proceedings non-parallel.")

In addition, the issues are substantially the same between both proceedings. "[A]bsolute congruency [of issues] is not necessary to support a finding of *Colorado River* parallelism." *Pabco Constr. Corp.*, 2013 WL 1499402, at *2. The fundamental issue in this case—whether John N. Blair was authorized to manage the Foundation's investment advisory accounts in relation to investment advisers—is being litigated in the State Proceeding. *See, e.g., Dunne v. Doyle*, No. 3:13-CV-01075 (VLB), 2014 WL 3735287, at *8 (D. Conn. July 28, 2014) ("[C]omplete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation."); *Pabco Constr. Corp.*, 2013 WL 1499402, at *2 (same); *Weiser v. Koch*, 632 F.Supp. 1369, 1386 (S.D.N.Y. 1986) (same).

Plaintiffs' contention to the contrary, that the fundamental issues are different, is not persuasive. Plaintiffs argue that the primary issues in this litigation are, in fact, whether

Defendants UBS/Jay S. Blair breached their duties of care and loyalty under the Investment Advisers Act by failing to inquire into whether John N. Blair possessed authority to make the above-referenced decisions as Attorney Trustee of the Foundation. *See* ECF No. 26. Plaintiffs' argument, however, merely restates the primary issue of the State Proceeding in different terms and in relation to different parties. The extent of Defendant John N. Blair's authority under the Foundation's governing documents to maintain the Foundation's investment advisory accounts remains the touchstone issue in the present action, though the issue is framed in federal terms. *See generally Discovery Ortho Partners, LLC v. Osseous Techs. of Am., Inc*., No. 10-CV-1729, 2010 WL 3239428, at *5 (S.D.N.Y. Aug. 17, 2010) ("Since the California declaratory action is predicated solely on the interpretation of the same agreement between the parties that [the plaintiff] alleges was breached in this diversity suit, the proceedings are indeed parallel."). Moreover, the present action and State Proceeding each "center around the same series of events" and are premised on the "same questions." *Abe v. New York Univ*., No. XX, 2016 WL 1275661, at *6 (S.D.N.Y. Mar. 30, 2016); *see also Zeppelin Sys. USA, Inc. v. Pyrolyx USA Indiana, LLC*, No. XX, 2020 WL 1082774, at *6 (S.D.N.Y. Mar. 5, 2020) (stating that, if "the underlying events . . . are identical and the resolution of both actions depend on the same questions," then "the fact that the Plaintiff seeks additional recovery in this court does not defeat parallelism").

Accordingly, the Court concludes that the federal case and state case are "parallel" under *Colorado River* and turns to whether the *Colorado River* factors support abstention or the exercise of federal jurisdiction, before concluding that abstention is not warranted.

### iii.   Factors Weighing in Favor or Against Exercise of Federal Jurisdiction

"After determining that the state and federal proceedings are parallel, the question becomes whether the court should exercise its discretion to abstain." *Phillips v. Citibank, N.A*., 252 F. Supp.

3d 289, 298 (S.D.N.Y. 2017).   In determining whether *Colorado River* abstention should be applied, the court should consider:

> (1) whether the controversy involves a *res* over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cty., Inc*., 239 F. 3d 517, 522 (2d Cir. 2001) (citations omitted).   "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."   *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 16 (1983).

### a.   Jurisdiction Over *Res*

The parties agree that the present action does not include the exercise of jurisdiction over a *res* or property.   *See* ECF No. 22-14 at 20; ECF No. 26-10 at 13.   The "absence of a *res* 'point[s] toward exercise of federal jurisdiction.'" *Vill. Of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (quoting *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989)).   Because no *res* is at issue in this case, the Court finds that this factor weighs in favor of the exercise of federal jurisdiction, and against abstention.

### b.   Forum Convenience

Plaintiffs and Defendants agree that the state and federal forums are "geographically proximate" such that this factor is of "little significance."   ECF No. 22-14 at 20; ECF No. 26-10 at 14.   "[W]here the federal court is just as convenient as the state court, that factor favors retention of the case in federal court."   *Vill. of Westfield*, 170 F.3d at 122 (internal quotation marks omitted).

Because the parties appear to agree that neither forum is markedly inconvenient, the Court finds that this factor weighs in favor of the exercise of federal jurisdiction, and against abstention.

### c.  Avoidance of Piecemeal Litigation

"[T]he primary context in which [the Second Circuit] ha[s] affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford*, 239 F.3d at 524.  However, "[t]he mere potential for conflicting outcomes between the two actions does not justify abstention under the 'piecemeal litigation' factor." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig*., 757 F.Supp.2d 260, 345 (S.D.N.Y. 2010) (citing *Colo. River Water Conservation Dist*., 424 U.S. at 816). "[B]ecause any case involving parallel proceedings presents a risk of duplicative litigation or a rush to judgment, the existence of those risks can weigh only modestly in favor of dismissal; otherwise, dismissals pursuant to *Colorado River* would be the rule, not the exception."  *King v. Hahn*, 885 F. Supp. 95, 98 (S.D.N.Y. 1995); *see Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc*., 829 F.Supp.2d 82, 87 (E.D.N.Y. 2010) (same).

Here, the present action names UBS/Jay S. Blair as defendants, but UBS/Jay S. Blair are not named parties in the State Proceeding. Accordingly, the present action is "more comprehensive, because it involves defendants not present in the [parallel action] and thus, there is […] some risk of inconsistent results." *In re Asbestos Litig*., 963 F.Supp. 247, 252 (S.D.N.Y. 1997); *see Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F.Supp.2d 590, 600 (S.D.N.Y. 2013) ("[A]s the federal and state actions are based on the same underlying facts, there is some risk of an inconsistent result; this Court could make a determination on common issues which might not bind the parties named only in the state court action.").  In *Goldentree Asset Mgmt., L.P. v.*

*Longaberger Co.*, 448 F.Supp.2d 589 (S.D.N.Y. 2006), the court found that "the state action and federal action involve the same parties, and concern identical claims," and that "[t]he existence of nearly identical claims in two different suits results in needless duplication of proceedings and wasting of judicial resources." *Id.* at 594. However, the claims asserted in the State Proceeding— while substantially similar—are not "nearly identical" when compared to those asserted by Plaintiff in the instant action. *See Stern v. Milford Bd. of Educ.*, 870 F. Supp. 30, 34 (D. Conn. 1994) ("[L]itigation over a common set of facts was not piecemeal when the federal action joined a claim the state action did not."); *see also Bethlehem Contracting Co.*, 800 F.2d at 328 ("[A]lthough the disputes in both the state and federal forums stem from the [same] ... construction project, [the plaintiff]'s federal suit raises a cause of action in tort against [defendant] that has no counterpart in the state litigation.").

Because, here, some risk of "piecemeal litigation" exists, the Court finds that this factor weighs in favor of abstention, and against the exercise of federal jurisdiction, but not significantly. *See Mazuma Holding Corp. v. Bethke*, 1 F.Supp.3d 6, 26 (E.D.N.Y. 2014) ("[W]hile not staying the federal actions will lead to some amount of duplication due to similar 'factual underpinnings,' such 'duplication does not weigh significantly in favor of abstention.'" (quoting *Chapman*, 270 F.Supp.2d at 466)); *Suffolk Fed. Credit Union*, 829 F.Supp.2d at 87 ("[A]lthough the Court agrees that this situation poses a threat of inconsistent results, ... [and] while this factor is important and does weigh in favor of abstention, it is not determinative.").

### d. Order of Filing and Progress of Proceedings

This "priority" factor is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two

actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. "Even where, as here, a state action was commenced before the federal suit, that factor will carry 'little weight' if 'there has been limited progress in [the] state court suit.'" *Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist.*, 673 F.3d 84, 102 (2d Cir. 2012) (quoting *Vill. of Westfield*, 170 F.3d at 122).

Here, the State Proceeding has progressed more significantly than the present action. Indeed, the State Proceeding commenced more than two years before the present action was filed[1] and has included two petitions, a motion for a temporary restraining order and a preliminary injunction, and an appeal at the Appellate Division, Fourth Department. ECF No. 22-14 at 19. Plaintiffs in the present action contend that the State Proceeding, while it has been pending for approximately two years, has not progressed significantly because Plaintiffs, as Defendants in the State Proceeding, have filed successive motions to dismiss, instead of "answering" John N. Blair's pleadings in the State Proceeding. ECF No. 26-10 at 21.

While some progress has undoubtedly been made in the State Proceeding, the Court bears in mind that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. This Court is not tasked with finding "some substantial reason for the exercise of federal jurisdiction"; "rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25-26. Still, because the State Proceeding at issue here "was commenced before the federal suit and likewise has involved more extensive proceedings than in the federal suit, including an interlocutory order granting a preliminary injunction[,]" the Court finds that this factor weighs in favor of abstention, but accords this factor little weight because the primary, substantive issues raised in the State

---

[1] The present action was filed on April 11, 2022 and, as of the date of this Decision and Order, been pending for approximately eight months. *See* ECF No. 1.

Proceeding generally do not appear to have advanced beyond preliminary motion practice with the exception of the advancement of John N. Blair's above-referenced motion for a temporary restraining order. *Telesco v. Telesco Fuel & Masons' Materials, Inc*., 765 F.2d 356, 362 (2d Cir. 1985).

### e.  The Source of Substantive Law

"When the applicable substantive law is federal, abstention is disfavored, though the inverse proposition will not alone support a surrender of federal jurisdiction." *De Cisneros*, 871 F.2d at 308.  Indeed, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield*, 170 F.3d at 124 (emphasis added).

Defendants argue that this factor weighs in favor of abstention because the "key issue to be resolved concerns state trust and estates law."  ECF No. 22-14 at 18.  Plaintiffs, meanwhile, maintain that federal jurisdiction should be retained because their claims arise under the Investment Advisers Act.  ECF No. 26-10 at 17.  While the proposition that issues of state trust law are best resolved in state courts has support, *see Phillips v. Citibank, N.A*., 252 F.Supp.3d 289, 302 (S.D.N.Y. 2017) (abstention favored because "the Surrogate's Court has special expertise" (internal quotation marks omitted)), the Court agrees with Plaintiffs that the federal claims raised in the present action, despite their strong relation to the core state trust issues that are the subject of the State Proceeding, cause this factor to militate in favor of the exercise of federal jurisdiction, and against abstention.  Plaintiffs' claims in the present action, while intimately tied to state trust law, are brought pursuant to the Investment Advisers Act by clear reference to Defendants UBS/Jay S. Blair's fiduciary duties of care and loyalty to the Foundation and are thus appropriately subject to the Court's "virtually unflagging obligation" to exercise its jurisdiction, even if an action

that relates to the same fundamental issues is pending in state court. *Bethlehem Contracting*, 800 F.2d at 327.

### f.   Whether the State Court Will Adequately Protect the Parties' Interests

"In analyzing the sixth factor in the special circumstances test, federal courts are to determine whether the 'parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Vill. of Westfield*, 170 F.3d at 124 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). "The sixth factor is only significant if it militates in favor of federal litigation." *Sulton v. Ashley*, No. 01-CV-8179, 2002 WL 122919, at *4 (S.D.N.Y. Jan. 29, 2002).

Here, it appears that the Erie County Surrogate's Court may adequately protect the interests of the parties. There is some evidence that Plaintiffs' federal claims may have been brought as counterclaims in the State Proceeding because the Investment Advisers Act provides for concurrent jurisdiction in federal and state courts for claims under the Act.[2] *See* 15 U.S.C. § 80b-14; *see also KDH Consulting Grp. LLC v. Iterative Cap. Mgmt. L.P.*, No. 20 CIV. 3274, 2020 WL 7251172, at *10 (S.D.N.Y. June 29, 2020); *CWCapital Cobalt VR Ltd. v. CWCapital Invs. LLC*, No. 17 Civ. 9463, 2018 WL 2731270, at *5 (S.D.N.Y. May 23, 2018) ("Congress also provided for concurrent jurisdiction over [Investment Advisers Act] violations in state and federal courts."). Moreover, the Erie County Surrogate's court has "special expertise" in matters related to wills, trusts, and estates and may exercise "full and complete general jurisdiction in law and in equity to administer justice in all matters *relating to* estates and the affairs of decedents." New York

---

[2] Plaintiffs inaccurately cite cases concerning (i) the Securities Exchange Act, 15 U.S.C. § 78aa, a distinct statute, and its provision of exclusive federal jurisdiction and (ii) an outdated version of the Investment Advisers Act (the "Act") which has been subsequently amended to broaden state court jurisdiction over actions arising under the Act. *See* 15 U.S.C. § 80b-14(a). Plaintiffs' arguments with respect to each are accordingly immaterial.

Surrogate's Court Procedure Act ("SCPA") § 201(3) (emphasis added); *see also Moser v. Pollin*, 294 F.3d 335, 345 (2d Cir. 2002) ("[T]he incidental powers of the Surrogate's Court include 'all of the powers that the supreme court would have in like actions and proceedings.'" (quoting SCPA § 209(10)). Because the present case includes questions, to some degree, that require interpretation of a trust's governing documents, the Surrogate's Court may be adequate to hear it. *See Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 301 (S.D.N.Y. 2017).

Because, however, this "factor is only significant if it militates in favor of federal litigation," *Sulton v. Ashley*, No. 01-CV-8179, 2002 WL 122919, at *4 (S.D.N.Y. Jan. 29, 2002), this factor accordingly appears to be neutral. *See State Farm Mut. Auto. Ins. Co*., 589 F.Supp.2d at 240 ("The last factor appears to be neutral. There is no reason to think that the state court would not adequately protect [the] plaintiff's rights, but that in itself is not sufficient reason to abstain."). In fact, the neutral nature of factor six "weighs against abstention pursuant to *Colorado River*." *Sea Tow Servs. Int'l, Inc*., 2007 WL 1135601, at *7; *see Woodford*, 239 F.3d at 522 ("[T]he facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it.").

### g.  Summary of Factors

In sum, the "[a]voidance of piecemeal litigation" and the "order and progress" of the proceedings are the only *Colorado River* factors that weigh in favor of abstention, and against the exercise of federal jurisdiction. That is not enough, however, to warrant abstention because all other factors weigh in favor of or are neutral toward this Court's retention of jurisdiction. *See, e.g. In re Comverse Tech., Inc. Derivative Litig*., No. 06-CV-1849 (NGG) (RER), 2006 WL 3193709, at *6 (E.D.N.Y. Nov. 2, 2006). Accordingly, Defendants' motion to dismiss or stay this action under *Colorado River* is denied.

### C.  Motion to Dismiss for Failure to State a Claim

The Court now turns to Defendants' 12(b)(6) motion to dismiss Plaintiffs' "aiding and abetting" claim against Defendant John N. Blair.

To survive a Rule 12(b)(6) challenge, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (internal quotation marks omitted).  A district court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

But even a plausibly pleaded complaint may be dismissed under Rule 12(b)(6) if the motion raises a well-supported affirmative defense, including the defense that the claim is barred by the applicable statute of limitations, and the propriety of the defense "appears on the face of the complaint."  *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003); *see also McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 76 (2d Cir. 2010).

Here, Plaintiffs allege that Defendant John N. Blair, in violation of New York law, "aided and abetted" Defendant UBS/Jay S. Blair's breach of fiduciary duties that they had assumed under Investment Advisers Act.  ECF No. 1 at 31.  To adequately plead such a claim under New York law, Plaintiff must allege facts tending to show (i) a breach of a fiduciary duty; (ii) the defendant knowingly induced or participated in the breach; and (iii) plaintiff suffered damages as a result of

17

the breach.  *See In re Sharp Int'l Corp.*, 403 F.3d 43, 49-50 (2d Cir. 2005); *see also Balta v. Ayco Co., LP*, 626 F. Supp. 2d 347, 359 (W.D.N.Y. 2009).

Defendant John N. Blair does not dispute the first element of such a claim, but the Court notes, at the outset, that Plaintiffs adequately identify and allege that Defendants UBS and Jay S. Blair violated their fiduciary duties.  ECF No. 1 ¶¶ 157-162.  Defendant John N. Blair, in his motion, similarly does not dispute the second element of this claim, in which Plaintiffs allege that Blair knew of UBS/Jay S. Blair's duty to the Foundation and participated in or induced UBS/Jay S. Blair's breaches by, *inter alia*, providing UBS/Jay Blair incorrect documentation and information, instructing UBS/Jay S. Blair to refuse the Trustees' requests for information about the Foundation's assets, and conspiring with UBS/Jay S. Blair in their refusal to transfer the Foundation's funds elsewhere.  ECF No. 1 ¶¶ 161-62.

Blair's primary contention is that Plaintiffs fail to allege specific damages against him, as he claims is required at common law.  ECF No. 22-14 at 31.  Blair claims that because Plaintiffs bundle him with "all Defendants[,]" seeking "costs and attorneys' fees incurred in this action[,]" the "essential element of damages is lacking."  *Id.*

His argument is misplaced.  Plaintiffs need not allege specific damages against John N. Blair; only damages suffered as a result of the breach that he allegedly knowingly induced or participated in.  *See In Re Sharp Int'l Corp.*, 403 F.3d at 50.  The damages of such a breach are adequately pled by Plaintiffs insofar as they allege against Defendants UBS/Jay S. Blair "[d]amages for lost profits based on UBS/Jay S. Blair's breaches of its fiduciary duties, loss of investment opportunity, and any other applicable damages in an amount to be determined at trial" and "[d]amages in an amount to be determined at trial attributable to defendant Jay Blair's negligence."  ECF No. 1 at 34.  That is, Plaintiffs adequately stated the claim that Defendant John

N. Blair "aided and abetted" UBS/Jay S. Blair's breach of fiduciary duty under the Act because Plaintiffs alleged John N. Blair's knowing inducement of or participation in the breach committed by UBS/Jay S. Blair that resulted in the damages Plaintiffs seek—*i.e.* the lost profits alleged in the complaint.  *See In Re Sharp Int'l Corp.*, 403 F.3d at 50 (holding that damages for "aiding and abetting" breach of fiduciary duty claim need only allege damages against alleged violators of duty).

Because Plaintiffs need not allege specific damages against Defendant John N. Blair with respect to this claim and Blair does not dispute any other element of Plaintiffs' claim against him, Defendants' 12(b)(6) motion to dismiss for failure to state a claim is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss or stay pursuant to the *Colorado River* abstention doctrine is DENIED.  In addition, Defendants' motion to dismiss for failure to state a claim with respect to Defendant John N. Blair is DENIED.  Plaintiffs' claims may proceed.

IT IS SO ORDERED.

Dated: January 26, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

19