UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CYNTHIA T. DOYLE, ET AL.,

Plaintiffs,

Case No. 22-CV-276-FPG

v.

DECISION AND ORDER

UBS FINANCIAL SERVICES, ET AL.,

Defendants.

## INTRODUCTION

Plaintiffs Cynthia T. Doyle, Mollie T. Byrnes, James Weiss, and David Welbourn ("Plaintiffs"), in their capacities as trustees of the Peter and Elizabeth C. Tower Foundation (the "Foundation"), allege violations of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 *et seq.* (the "IAA") and New York State law against Defendants UBS Financial Services, Inc. ("UBS"), Jay S. Blair, and John N. Blair. ECF No. 1. UBS and Jay S. Blair move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 69. For the reasons set forth below, UBS and Jay S. Blair's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

To survive a Rule 12(b)(6) challenge, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). A district court must

accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

**BACKGROUND**

The Foundation, a charitable trust, was created by Peter and Elizabeth C. Tower in the 1990s to support organizations that serve children with intellectual disabilities, learning disabilities, mental health issues, and substance use disorders. ECF No. 1 at 6. From 2006 until the events giving rise to the present dispute, John N. Blair served as Attorney Trustee of the Foundation and member of the Foundation's Operations and Investment Committees. *Id.* at 8. John N. Blair was a voting member of each committee, along with Plaintiffs Doyle and Byrnes, daughters of Peter and Elizabeth Tower. *Id.*

On January 25, 2020, John N. Blair brought a petition in Erie County Surrogate's Court against respondents Doyle, Byrnes, Weiss, Welbourn—Plaintiffs in the present action—and the other Foundation trustees. ECF No. 22-14 at 11-12. In the petition, John N. Blair sought construction of the Foundation's governing documents to confirm the extent of his authority as Attorney Trustee to prevent respondents' plan to terminate or "sunset" the Foundation, a plan he opposed. *Id.*; *see also Matter of P. & E. T. Found.*, 167 N.Y.S.3d 270, 271 (4th Dept. 2022), *rearg. denied*, 168 N.Y.S.3d 925 (4th Dept. 2022) (hereinafter the "State Proceeding"). After John N. Blair commenced the State Proceeding, on November 23, 2020, Plaintiffs attempted to remove John N. Blair as Attorney Trustee and subsequently moved to dismiss his petition. *See* ECF No. 22-14 at 8, 12; ECF No. 1 at 8. Plaintiffs argued that because he was no longer Attorney Trustee, he lacked standing to challenge their plan to terminate the Foundation and spend down its assets. ECF No. 22-14 at 8.

On November 28, 2020, John N. Blair filed a second petition challenging his attempted removal. *Id.* at 12. John N. Blair additionally sought to enjoin his removal as Attorney Trustee by filing a motion for a temporary restraining order and a preliminary injunction in the State Proceeding, which was initially granted, but was ultimately denied on appeal by the Appellate Division, Fourth Department on April 22, 2022. *Id.*; *Matter of P. & E. T. Found.*, 167 N.Y.S.3d at 271. On May 6, 2022, John N. Blair moved for leave to appeal the denial. ECF No. 22-14 at 13. On July 1, 2022, the Court of Appeals denied John N. Blair's motion for leave to appeal. *Matter of P. & E. T. Found.*, 168 N.Y.S.3d 925 (4th Dept. 2022).

On April 11, 2022, approximately two years after the State Proceeding commenced, Plaintiffs brought the present action against UBS, Jay S. Blair, and John N. Blair. ECF No. 1. Plaintiffs (i) seek in Count One rescission of the investment advisory agreement that John N. Blair as Attorney Trustee executed with UBS and restitution of fees under the IAA; (ii) allege in Counts Two and Three that UBS and Jay S. Blair breached their fiduciary duties of care and loyalty to the Foundation under the IAA; (iii) allege in Count Four that John N. Blair aided and abetted UBS's breach of fiduciary duty under New York State law; and (iv) allege in Counts Five and Six negligence against UBS and Jay S. Blair. *Id.* at 24. Plaintiffs allege, *inter alia,* that John N. Blair's September 3, 2015 execution of the UBS Agreement ("the Agreement") on behalf of the Foundation was "an *ultra vires* act at the time of its execution." *Id.* at 25. Plaintiffs allege that (1) UBS and Jay S. Blair "engag[ed] in conflicted transactions or fail[ed] to avoid conflicts by refusing to transfer the Trust's accounts and assets to Wilmington Trust but instead retain[ed] the Trust's assets and continu[ed] to assess advisory fees," ECF No. 1 ¶ 125; (2) UBS and Jay S. Blair "refus[ed] to communicate or provide information to the Foundation's lawfully-authorized trustees over a period of nearly seven years in furtherance of a scheme to ensure that [] Jay Blair and John

Blair controlled every aspect of the investment advisory relationship with the Foundation," *id.*; (3) UBS and Jay S. Blair "fail[ed] to obtain a verification of client funds under custody annually and fail[ed] to provide account statements to the Trust on at least a quarterly basis," *id.*; (4) "UBS has refused to permit any of the Foundation's Trustees or its Investment Committee members to take action with respect to the Foundation assets in the UBS investment accounts, except for John Blair, even after knowing he was removed from his position as Attorney-Trustee," *id.* ¶ 7; and (5) UBS and Jay S. Blair "failed to determine whether defendant John Blair was lawfully acting on behalf of the Foundation and instead transacted directly, and exclusively, with defendant John Blair," *id.* ¶ 60.

Plaintiffs allege that they did not discover that there was an issue until April 6, 2022, when UBS stated that it would only review transfer instructions from those who are "authorized," and rejected Plaintiff Doyle and the Investment Committee's authority, in direct opposition to the Foundation's governance documents. *Id.* ¶ 107. Plaintiffs also allege that their continuing ignorance from 2015 until 2022 was not attributable to lack of diligence on their part. Plaintiffs claim that UBS and Jay S. Blair "refus[ed] to communicate or provide information to the Foundation's lawfully-authorized trustees over a period of nearly seven years in furtherance of a scheme to ensure that [] Jay Blair and John Blair controlled every aspect of the investment advisory relationship with the Foundation." *Id.* ¶ 125. Plaintiffs claim that requests for information by trustees other than John N. Blair concerning the Foundation's investments "went unanswered by UBS and [] Jay Blair" and neither UBS or "either Blair defendant" produced or showed the other Trustees regular statements of the Foundation's accounts or the underlying investment advisory contract purportedly made by the Foundation and UBS. *Id.* ¶¶ 62-63.

On May 11, 2022, Plaintiffs moved for a temporary restraining order and a preliminary injunction against UBS, Jay S. Blair, and/or John N. Blair to prohibit them from freezing the Foundation's investment accounts or terminating routine distributions to the Foundation's deposit accounts for day-to-day business operations. ECF No. 5. The Court's consideration of that motion was stayed by joint stipulation indefinitely—ostensibly because the Erie County Surrogate's Court, on May 25, 2022, appointed a successor Attorney Trustee to fill the vacancy created during the pendency of the State Proceeding. ECF Nos. 17, 19; *see* ECF No. 22-7 at 21.

On July 1, 2022, John N. Blair moved to dismiss Plaintiffs' complaint in this case or, in the alternative, to stay the action. ECF No. 22. On July 29, 2022, Jay S. Blair and UBS joined John N. Blair's motion to dismiss and filed a brief to supplement the motion. ECF No. 25. On January 26, 2023, this Court denied John N. Blair, Jay S. Blair, and UBS's motion to dismiss. ECF No. 31. On March 10, 2023, Jay S. Blair and UBS filed a motion to compel arbitration. ECF No. 39. On February 23, 2024, this Court denied the motion to compel arbitration. ECF No. 46. On March 8, 2024, Jay S. Blair and UBS filed a notice of appeal. ECF No. 47. On August 4, 2025, the United States Court of Appeals for the Second Circuit affirmed this Court's order denying the motion to compel arbitration. ECF No. 55.

On December 22, 2025, UBS and Jay S. Blair filed a second motion to dismiss, which is currently pending before this Court. ECF No. 69. In it, they only move to dismiss Counts One, Two, and Three of Plaintiffs' complaint. *Id.* Thus, the Court will only discuss the first three counts in this decision. The other counts remain.

## DISCUSSION

On December 22, 2025, UBS moved to dismiss Counts One, Two and Three, and Jay S. Blair moved to dismiss Counts Two and Three of Plaintiffs' complaint for failure to state a claim

pursuant to Rule 12(b)(6). ECF No. 69. Specifically, UBS argues that Plaintiffs' First Count for Recission/Restitution under the IAA must be dismissed because it is time-barred. ECF No. 69-1 at 8. Additionally, UBS and Jay S. Blair argue that Plaintiffs' Second and Third Counts must be dismissed because there is no private right of action for breach of fiduciary duty under the IAA. *Id.* at 10. UBS and Jay S. Blair's motion to dismiss is GRANTED IN PART and DENIED IN PART.

## I. The IAA and Time Bar

The Court begins with UBS's argument that Plaintiffs' First Count for Recission/Restitution against UBS is time barred under the IAA. ECF No. 69-1 at 8. Specifically, UBS recognizes that in an IAA action for recission, the applicable statute of limitations is at most three years from the wrong. *Id.* This Court agrees. *See Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1039 (2d Cir. 1992) ("[The statute of limitations in] an IAA action for recission is either one year from the wrong or one year from the discovery/three years from the wrong.") Generally, when a claim is not brought within the statute of limitations, dismissal is appropriate in a motion to dismiss if the complaint "clearly shows the claim is out of time." *See Rosenwasser v. Fordham Univ.*, No. 17-CV-5191 (RJS), 2018 WL 11466358, at *2 (S.D.N.Y. Mar. 14, 2018), *aff'd*, 772 F. App'x 1 (2d Cir. 2019) (summary order) ("Although time bar is ordinarily an affirmative defense that must be asserted and demonstrated by the defendants, dismissal is appropriate on a motion to dismiss 'if a complaint clearly shows the claim is out of time.'") Nevertheless, statutes of limitations may be subject to equitable tolling in order to prevent unfairness to a plaintiff. *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). Courts have found equitable tolling to be appropriate when a "defendant is responsible for concealing the existence of plaintiff's cause of action"; this is often referred to as the doctrine of

fraudulent concealment. *Id.* at 323. Here, Plaintiffs argue that they have plausibly alleged fraudulent concealment to toll the statute of limitations. ECF No. 74 at 12.

UBS, in its motion to dismiss argument, points to Plaintiffs' allegation in their complaint in which they state that John N. Blair's September 3, 2015 execution of the Agreement on behalf of the Foundation was "an *ultra vires* act at the time of its execution."[1] ECF No. 69-1 at 6; ECF No. 1 at 25. UBS argues that since the Foundation's Investment Committee learned no later than September 23, 2015 about the execution of the Agreement, then Plaintiffs needed to have asserted their recission/restitution claim no later than three years from then, which would have been no later than September 23, 2018. ECF No. 69-1 at 9. Because Plaintiffs did not file their complaint until April 11, 2022, ECF No. 1, UBS argues that Plaintiffs' claim for recission and restitution of the advisory fees paid to UBS is time barred and thus must be dismissed. ECF No. 69-1 at 9-10. In response, Plaintiffs argue that "[UBS's] fraudulent concealment of their conduct and the contents of the relevant UBS Agreements[] is sufficient to toll the statute of limitations under applicable law." ECF No. 74 at 13.

The purpose of the fraudulent concealment doctrine is "to prevent a party from concealing a fraud, or . . . committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it." *State of New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1083 (2d Cir. 1988). The fraudulent concealment doctrine tolls a statute of limitations if the plaintiff alleges the following: "(1) the defendant concealed the existence of the cause of action from the plaintiff; (2) the concealment prevented plaintiff's discovery of the claim within the limitations period; and (3) the plaintiff's ignorance of the claim

---

[1] An act is *ultra vires* if it is "unauthorized" or "beyond the scope of power allowed or granted by a corporate charter or by law." *Ultra Vires*, Black's Law Dictionary (12th ed. 2024).

did not result from a lack of diligence." *Saint-Jean v. Emigrant Mortg. Co.*, 129 F.4th 124, 143 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 1501 (2026).

Here, Plaintiffs have sufficiently alleged fraudulent concealment in their complaint. First, Plaintiffs allege that UBS concealed Plaintiffs' cause of action from Plaintiffs in that (1) UBS and Jay S. Blair "engag[ed] in conflicted transactions or fail[ed] to avoid conflicts by refusing to transfer the Trust's accounts and assets to Wilmington Trust but instead retain[ed] the Trust's assets and continu[ed] to assess advisory fees," ECF No. 1 ¶ 125; (2) UBS and Jay S. Blair "refus[ed] to communicate or provide information to the Foundation's lawfully-authorized trustees over a period of nearly seven years in furtherance of a scheme to ensure that [] Jay Blair and John Blair controlled every aspect of the investment advisory relationship with the Foundation," *id.*; (3) UBS and Jay S. Blair "fail[ed] to obtain a verification of client funds under custody annually and fail[ed] to provide account statements to the Trust on at least a quarterly basis," *id.*; (4) "UBS has refused to permit any of the Foundation's Trustees or its Investment Committee members to take action with respect to the Foundation assets in the UBS investment accounts, except for John Blair, even after knowing he was removed from his position as Attorney-Trustee," *id.* ¶ 7; and (5) UBS and Jay S. Blair "failed to determine whether defendant John Blair was lawfully acting on behalf of the Foundation and instead transacted directly, and exclusively, with defendant John Blair," *id.* ¶ 60.

Second, Plaintiffs sufficiently alleged that they did not discover that there was an issue until April 6, 2022, when UBS stated that it would only review transfer instructions from those who are "authorized," and rejected Plaintiff Doyle and the Investment Committee's authority, in direct opposition to the Foundation's governance documents. *Id.* ¶ 107; *see also* ECF No. 74 at 14.

Plaintiffs then commenced the present lawsuit within days of April 6, 2022, on April 11, 2022. ECF No. 1.

Third, Plaintiffs have sufficiently alleged that their continuing ignorance from 2015 until 2022 was not attributable to lack of diligence on their part. Plaintiffs allege that UBS and Jay S. Blair "refus[ed] to communicate or provide information to the Foundation's lawfully-authorized trustees over a period of nearly seven years in furtherance of a scheme to ensure that [] Jay Blair and John Blair controlled every aspect of the investment advisory relationship with the Foundation." *Id.* ¶ 125. Additionally, Plaintiffs allege in their complaint that requests for information by trustees other than John N. Blair concerning the Foundation's investments "went unanswered by UBS and [] Jay Blair" and neither UBS or "either Blair defendant" produced or showed the other Trustees regular statements of the Foundation's accounts or the underlying investment advisory contract purportedly made by the Foundation and UBS. *Id.* ¶¶ 62-63.

Thus, Plaintiffs' complaint has sufficiently alleged fraudulent concealment to toll the statute of limitations. As such, UBS's motion to dismiss Plaintiffs' First Count based on it being time-barred is DENIED.

## II. Private Right of Action for Breach of Fiduciary Duty under the IAA

Plaintiffs' Second Count is for Breach of Fiduciary Duty (Duty of Care) as to UBS and Jay S. Blair, ECF No. 1 at 27, and Plaintiffs' Third Count is for Breach of Fiduciary Duty (Duty of Loyalty) as to UBS and Jay S. Blair, *id.* at 29. UBS and Jay S. Blair argue that Plaintiffs' Second and Third Counts must be dismissed because there is no private right of action for the breach of a fiduciary duty under the IAA. ECF No. 69-1 at 10.

The Supreme Court addressed the very question as to whether the IAA allows private litigation to enforce a fiduciary obligation in *Transamerica Mortgage Advisors v. Lewis*, 444 U.S.

11, 24 (1979). While the Supreme Court held that the IAA allows a private right of action for the recission of a contract and for restitution, it also held that the IAA "simply proscribes certain conduct, and does not in terms create or alter any civil liabilities." *Id.* at 19 (explaining that "it is highly improbable that Congress absentmindedly forgot to mention an intended private action" (internal quotation marks and citation omitted)). Consequently, there is no private cause of action for breach of a fiduciary duty under the IAA. *See id.*

Thus, because there is no private right of action for breach of fiduciary duty under the IAA, UBS and Jay S. Blair's motion to dismiss Counts Two and Three is GRANTED.

**III. Leave to Amend**

Although Plaintiff does not request leave to replead, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). The decision to grant leave to amend is within the discretion of the court, and "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Id.*

Plaintiffs' Second and Third Counts against UBS and Jay S. Blair for breach of fiduciary duty pursuant to the IAA are dismissed with prejudice, as there is no private right of action for such claims. *See Transamerica Mortgage Advisors,* 444 U.S. at 19.

**CONCLUSION**

For the reasons set forth above, UBS and Jay S. Blair's Motion to Dismiss, ECF No. 69, is GRANTED IN PART and DENIED IN PART. Counts Two and Three are DISMISSED WITH PREJUDICE. This matter is referred back to Magistrate Judge Michael J. Roemer for the continuation of discovery.

IT IS SO ORDERED.

Dated: September 10, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York